IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH F. PIOTROWSKI,

                    Petitioner,

          v.                          CASE NO.  08-3143-RDR

COMMANDANT, USDB,

                    Respondent.

O R D E R

          This petition for writ of habeas corpus, 28 U.S.C. § 2241,
was filed by petitioner while he was an inmate of the United States
Disciplinary Barracks, Fort Leavenworth, Kansas.


FACTUAL BACKGROUND

          In April, 2001, petitioner caused the death of a woman and
her unborn child while drunk driving a motor vehicle in the State
of Florida.  As a result of this incident, he was prosecuted by the
United States Army as well as the State of Florida.  He was
convicted by general court-martial upon his pleas of guilty to
Involuntary Manslaughter, 3 counts of Drunken Driving, Conduct
Unbecoming an Officer, and Reckless Endangerment.  He was sentenced
on August 8, 2001, to 13½ years imprisonment.

          Petitioner appealed his convictions and sentences to the
Army Court of Criminal Appeals (ACCA), which substantially affirmed
on January 31, 2006.  He then appealed to the Court of Appeals for
the Armed Forces (CAAF), which denied grant of review on February
8, 2007.

While Mr. Piotrowski was serving his military sentence at the USDB, he was transferred to the State of Florida in May, 2003, and tried on charges of vehicular homicide and DUI manslaughter. He was found guilty by a jury in Florida, and on May 14, 2003, he was sentenced to a term of 15 years on each charge, with the sentences to run consecutively to each other. His thirty-year state term was ordered to run concurrent to his military sentence.

**DISMISSAL OF UNEXHAUSTED CLAIM**

On June 27, 2008, this court entered an order granting petitioner thirty (30) days in which to show cause why this action should not be dismissed for failure to exhaust military court remedies on all grounds raised in the Petition. In response, petitioner filed a "Motion Requesting to Sever" (Doc. 6) in which he admits that his claim of ineffective assistance of military defense counsel has not been exhausted. He requests that the court "sever" this claim from his Petition and proceed only upon his exhausted claims, even though the court warned of pitfalls in proceeding on his exhausted claims and dismissing his unexhausted claim. The court finds petitioner's claim of ineffective assistance of military defense counsel should be dismissed because it has not been exhausted.

**MOTION TO TRANSFER**

On the same day as his motion to sever, petitioner filed a

"Motion Requesting to Change Venue" (Doc. 5) in which he alleges he "will have completed his military confinement on 11 JULY 2008," and will be transferred to the State of Florida for service of his thirty-year state sentence "for the same offense."  Petitioner has since filed a notice of change of address (Doc. 7), which indicates he now is at Cross City Correctional Institution in Cross City, Florida.  He asks this court to transfer this action "to the State of Florida" arguing it would allow close correspondence with counsel, if appointed.

Petitioner was in military custody when this petition was filed.  As a consequence, this federal habeas corpus petition may go forward upon petitioner's exhausted claims, provided this action has not been rendered moot by his transfer out of military confinement.  However, transfer of this Petition to "the State of Florida" would be inappropriate, since only federal district courts have jurisdiction over petitions filed under § 2241 attacking military convictions.[1]    Petitioner does not designate the

---

[1]    Petitioner does not raise any specific challenge to his Florida state convictions in this § 2241 Petition.  Nor could he since this court is not the proper venue to hear petitioner's challenges to state convictions rendered in Florida.  He does suggest that his military conviction violated double jeopardy because he was tried and convicted on the same offenses by the State of Florida. However, he was convicted in military court prior to his prosecutions in state court.  If petitioner is claiming that the State of Florida was barred by double jeopardy principles from trying and convicting him, that is a challenge to his Florida convictions that is not properly raised in this attack on his military convictions.
Petitioner reminds the court that he filed a prior petition for writ of habeas corpus in this district under 28 U.S.C. § 2254 challenging his Florida convictions, which was transferred to the appropriate federal court in Florida. A Section 2254 petition filed in the appropriate federal district court in Florida is the proper means for petitioner to raise all his claims regarding his Florida state convictions in federal court after he has exhausted all available remedies in the Florida state courts.

particular state court in Florida in which he was sentenced under Florida law; but even if he did, a state court would not have jurisdiction over either this federal habeas corpus petition under Section 2241 or claims attacking Mr. Piotrowski's military conviction.  Consequently, petitioner's motion to transfer this case to a Florida state court must be denied.


## QUESTION OF MOOTNESS

This court assumes for now that sufficient "collateral consequences" exist so that this action has not been rendered moot by the completion of Mr. Piotrowski's military sentence.  Such collateral consequences, while insufficient to establish custody and thus jurisdiction, are enough to keep a petition from becoming moot by the petitioner's release from custody[2].  Petitioner alleges that he has completed his military confinement; however, the court notes from petitioner's allegations that he may still be serving his military sentence concurrently with his state sentences.  The court finds a responsive pleading is required upon petitioner's exhausted claims.  Respondent may also address the mootness question in his response.


## CLAIMS

In its prior Order, the court briefly summarized petitioner's exhausted claims as follows.  The pretrial agreement

---

[2]      Petitioner may be required to affirmatively allege and demonstrate such consequences.  <u>Spencer v. Kemna</u>, 523 U.S. 1, 12-14 (1998).

was void and his plea was improvident[3], the court-martial lacked jurisdiction because the record does not establish that its members were personally selected by the convening authority, the military judge erred during court-martial and sentencing proceedings[4], and petitioner's convictions by the military as well as the State of Florida and the resulting sentences amount to cruel and unusual punishment.

**OTHER MOTIONS**

Petitioner has also filed a second Motion to Appoint Counsel (Doc. 8) and a Motion for Evidentiary Hearing (Doc. 9).

---

[3]    In support of this claim, petitioner alleges it was his understanding when he signed the agreement that "the State of Florida would not prosecute him if his court-martial sentence included confinement for at least ten years." He states that the approved sentence in his military court-martial exceeded ten years. He further alleges that the State of Florida prosecuted him "for the same manslaughter offenses" that were covered in his Army pretrial agreement. He additionally claims the convening authority voided the agreement by failing to recommend the Naval Brig at Charleston as his place of confinement. He also claims the agreement is void because military trial counsel testified at his Florida state trial and disclosed statements made during his providency inquiry.

[4]    Petitioner claims that the military judge erred by denying a defense motion to dismiss Specification 2 of Charge III based on the "preemption doctrine." He argues that the preemption doctrine was violated in his case because the military "attempted to enlarge the offense of homicide to include the killing of a viable fetus" by using the general articles of the Uniform Code of Military Justice (UCMJ). He also claims the military judge erred by failing to instruct the court members to disregard portions of trial counsel's sentencing argument, which he claims was "grossly inflammatory." In support, he alleges that trial counsel stated in his argument that CPT Piotrowski himself sentenced the victim and her unborn child to die, and showed and deserved no mercy.
He claims the military judge also erred when he instructed the court members to disregard portions of defense counsel's argument at sentencing. In support, he alleges his counsel made reference to the method of calculating the maximum period of confinement to counter trial counsel's inflammatory argument; but the judge intervened, discrediting the defense, and implicitly supported the government's argument.
Petitioner also claims the military judge erred by permitting Piotrowski's ex-spouse and then current-spouse to testify as rebuttal witnesses for the Government. He alleges they testified petitioner had not been supporting them, to rebut his "expressed desire" to support his children and family. He argues this testimony was not relevant and inflamed the court members. Finally, he claims the judge erred in answering questions by the panel members.

Having considered these motions, the court finds they should be denied at this time, without prejudice.

A federal civilian court has jurisdiction to review challenges to a military courts-martial under the habeas corpus statute, 28 U.S.C. § 2241.  However, such review is unique and quite limited.  This court does not simply function as another appellate court that reviews the merits of all errors raised by a military prisoner.  Instead, civilian district court review is limited because "the military has its own independent criminal justice system governed by the Uniform Code of Military Justice." Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 810 (10th Cir.), cert. denied, 510 U.S. 1091 (1993).  The Code is "all inclusive and provides, inter alia, for courts-martial, appellate review, and limited certiorari review by the United States Supreme Court."  Id.

In 1953, a plurality of the United States Supreme Court stated that the district court may not review challenges to military courts-martial de novo unless the military courts have "manifestly refused to consider those claims." Burns v. Wilson, 346 U.S. 137, 142 (1953).  Thirty years later the Tenth Circuit Court of Appeals cited Burns in holding "we will entertain military prisoner's claims if they were raised in the military court and those courts refused to consider them." Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), cert. denied, 476 U.S. 1184 (1986).  It follows that this federal court's habeas corpus review of military court-martial proceedings is initially limited to determining

6

whether the claims raised by petitioner were given full and fair consideration by the military courts. Lips, 997 F.2d at 810; Burns, 346 U.S. at 144. If the issues have been given "full and fair consideration," the district court should deny the petition. Lips, 997 F.2d at 810. If an issue was "briefed and argued" before a military court and disposed of, "even summarily," the federal habeas court will find that the claim was given full and fair consideration. Watson, 782 F.2d at 145; Lips, 997 F.2d at 812, FN2. The fact that the military court did not specifically address the issue in a written opinion is not controlling. Id. The burden is on the petitioner to show that the military review was "legally inadequate" to resolve his claims. Watson, 782 F.2d at 144, *citing* Burns, 346 U.S. at 146. In the last decade, the Tenth Circuit while citing Burns and other old cases, set forth additional "tests" for determining whether to review a military habeas claim: (1)whether the claimed error is of substantial constitutional dimension, (2) whether the issue is one of law rather than of disputed fact already determined by the military tribunals, (3) whether military considerations may warrant different treatment of constitutional claims such that federal civil court intervention would be inappropriate, and (4) whether the military courts have given adequate consideration to the claimed error and applied proper legal standards. Dodson v. Zelez, 917 F.2d 1250, 1252-53 (10th Cir. 1990); Roberts v. Callahan, 321 F.3d 994, 996 (10th Cir.), cert. denied, 540 U.S. 973 (2003),(citing id.; Lips 997 F.2d at 811). This court and the Tenth Circuit have generally included

in their opinions a discussion of whether the military applied the correct legal standards.

Petitioner alleges no facts indicating the military courts refused to consider any of his exhausted claims. Nor does he demonstrate either that military review of his claims was not full and fair or that the military applied improper legal standards in determining his claims. On the other hand, he does allege that he presented his exhausted claims to the military courts. It thus appears likely that these claims were briefed and considered by the military courts, and review in this court will be precluded.

Under such circumstances, the court finds the appointment of counsel is not necessary in this case at this juncture. Moreover, the court finds that the need for an evidentiary hearing is not shown at this time. If it turns out that there are issues of fact which this court can and must determine, it may order appointment of counsel and schedule an evidentiary hearing when that becomes apparent.

IT IS THEREFORE ORDERED that petitioner's Motion to Appoint Counsel (Doc. 8) and Motion for Evidentiary Hearing (Doc. 9) are denied without prejudice; petitioner's Motion Requesting to Change Venue (Doc. 5) is denied, and petitioner's Motion to Sever (Doc. 6) his claim that defense counsel was ineffective because it has not been exhausted is granted.

IT IS FURTHER ORDERED that petitioner's claim of ineffective assistance of defense counsel is hereby dismissed from

this action as unexhausted.

**IT IS FURTHER ORDERED** that respondent herein is hereby required to show cause within sixty (60) days from the date of this order why the writ should not be granted and the prisoner released from custody; that the petitioner is hereby granted thirty (30) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained; and that the file then be returned to the undersigned judge for such further action as may be appropriate.

**IT IS SO ORDERED.**

**DATED:  This 5th day of March, 2009, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
**United States District Judge**