```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

JOSEPH F. PIOTROWSKI,

      Petitioner,

   vs.                                  Case No. 08-3143-RDR

COMMANDANT,
USDB - Fort Leavenworth,

      Respondent.

## O R D E R

This matter is before the Court upon petitioner's "Motion to Stay the Motion in Abeyance" (Doc. 15), and Motion for Extension of Time (Doc. 16).

As the basis for his Motion to Stay, petitioner alleges he has newly discovered evidence in his case and "is in the process of filing a Writ of Error Coram Nobis" in "the lower tribunal". He further alleges that he intends to supplement his Petition before this court "after the newly discovered claim is exhausted." The court finds this motion should be denied. Petitioner states his intention to add a claim to this federal Petition that has not been exhausted in the military courts. He may not proceed in federal court upon claims that have not been fully exhausted. His allegations do not show good cause as to why this action should be stayed while he proceeds to exhaust remedies in the military courts on his new claim. The statutory time limitations that may call for the stay and abeyance process in regular habeas cases, that is those filed by inmates serving non-military sentences, have not been applied to habeas cases filed by inmates serving sentences imposed

by military tribunals. It follows that the dismissal of this action, without prejudice, will not prevent petitioner from filing another habeas corpus petition challenging his military convictions in federal court once he has exhausted all his claims. His prior, complete exhaustion of every challenge he has to his military convictions will avoid piecemeal litigation of his claims in this court[1]. Petitioner will be given thirty (30) days to inform the court whether he chooses to (1) proceed on the instant Petition without his new claim, or (2) allow the instant Petition to be dismissed without prejudice so that he may exhaust his new claim. He may then, if necessary, file a new federal petition containing all his claims.

The court finds that petitioner's Motion for Extension of Time (Doc. 16) to file his Traverse should be granted.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Stay (Doc. 15) is denied; and petitioner is granted to and including July 3, 2009, in which to inform the court whether he chooses to proceed on the instant Petition without his new claim, or allow the instant Petition to be dismissed without prejudice.

**IT IS FURTHER ORDER** that petitioner's Motion for Extension of Time (Doc. 16) is granted, and the time in which he may file a Traverse is hereby extended to and including July 3, 2009.

**IT IS SO ORDERED.**

---

[1] Petitioner has the option of proceeding on the instant Petition, without adding his new, unexhausted claim. However, if he chooses that option, he risks having a future § 2241 petition considered under case law disfavoring successive habeas petitions as abusive. If he simply supplemented the instant Petition to add his unexhausted claim now, it would be dismissed for failure to exhaust.

**DATED:** This 29th day of May, 2009, at Topeka, Kansas.

                                          **s/RICHARD D. ROGERS**
                                          **United States District Judge**